Carl R. MILTON, Petitioner— Appellant,

v.

Ernest E. ROE, Warden, Respondent— Appellee.

No. 01–16489.

D.C. No. CV–99–00326–MJJ.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 12, 2002.

Decided April 22, 2002.

Before BEEZER, THOMAS, and W. FLETCHER, Circuit Judges.

## MEMORANDUM *

We are asked to review the district court's denial of Carl Ray Milton's petition for writ of habeas corpus under 28 U.S.C. § 2254. Milton was convicted under California law of 34 counts of forcible lewd and lascivious conduct with a child under the age of fourteen, and sentenced to 204 years in prison. We affirm in all respects. Because the parties are familiar with the facts and prior proceedings, we do not restate them unless necessary.

### I.   Due process claim

Milton argues that the trial court admitted into evidence a "tremendous amount of irrelevant and prejudicial testimony" regarding uncharged offenses, violating fundamental principles of due process and Milton's right to a fair trial. We hold that the admission of the challenged evidence did not violate due process, for it permitted the jury to draw the inference that Milton's physical and sexual domination of the household provided him with the opportunity to commit the charged offenses without detection for nearly four years. *McKinney v. Rees*, 993 F.2d 1378, 1384 (9th Cir.1993) ("[O]nly if there are *no* permissible inferences the jury may draw from the evidence can its admission violate due process.") (emphasis in original).

### II.   Ineffective assistance of counsel claim

Milton asserts that his trial counsel rendered constitutionally ineffective assistance under the Sixth Amendment when

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

he failed to ensure that a proper cautionary instruction limiting the use of evidence of uncharged misconduct was given to the jury. We hold that: 1) Milton's trial counsel's performance did not fall below an objective standard of reasonableness under prevailing professional norms; and 2) even assuming error, given the overwhelming amount of evidence against Milton, there is no reasonable probability that, but for counsel's alleged ineffective assistance, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

### III.   Biased juror claim

■ Milton contends that his right to be tried by an impartial jury, as guaranteed by the Sixth Amendment, was violated by the trial court's refusal to remove a juror who expressed doubts about her ability to remain impartial. Because the juror in question ultimately made an unqualified affirmation of impartiality, we hold that Milton fails to show juror bias. *See United States v. Gonzalez*, 214 F.3d 1109, 1114 (9th Cir.2000) (distinguishing *United States v. Alexander*, 48 F.3d 1477 (9th Cir.1995), on the ground that test is not whether a juror initially expresses doubt, but whether the juror ultimately provides an unqualified affirmation of impartiality); *see also United States v. Daly*, 716 F.2d 1499, 1507 (9th Cir.1983) (holding defendant failed to show juror bias because "[a]lthough [the juror] initially did indicate some uncertainty as to his ability to decide the case on the evidence and to be impartial, he ultimately concluded, 'Okay, I will do it.' ").

AFFIRMED.